25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 4UNITED STATES of America, Plaintiff-Appellee,
v.
Dale Andrew HILL, Defendant-Appellant.
 No. 93-5602.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 29, 1994.
Decided: May 18, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-253-15-P)
 Lawrence W. Hewitt, James, McElroy & Diehl, P.A., Charlotte, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Kenneth D. Bell, Chief Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dale Andrew Hill appeals his conviction for conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988), 21 U.S.C.A Sec. 846 (West 1981 & Supp.1993). On appeal, he contends that the district court erred in: (1)denying his motion for a judgment of acquittal because the evidence was insufficient to establish his guilt beyond a reasonable doubt; and (2)setting the base offense level at thirty-four.
 
 
 2
 Hill was involved in a drug organization in Charlotte, North Carolina, between the summer of 1987 and July 1990. The Government's evidence included the testimony of several coconspirators and law enforcement officers. Their testimony established that during the relevant time period, Hill purchased cocaine from, and sold cocaine to, at least seven people; the transactions ranged from an eighth of an ounce to eight ounces at a time, several times a week. The evidence also included telephone records of calls to coconspirators, a notebook containing records of drug transactions, and Hill's address book. All told, the conspiracy included more than seventy-five kilograms of cocaine.
 
 
 3
 At Hill's sentencing hearing, the court determined that of the approximately seventy-five kilograms of cocaine involved in the conspiracy as a whole, Hill knew of or could reasonably have foreseen between fifteen and fifty kilograms, establishing a base offense level of thirty-four. Hill was sentenced to a term of imprisonment of 168 months, five years supervised release, $1500 fine and a mandatory $50 special assessment.
 
 
 4
 Hill contends that the district court erred in denying his motion for a judgment of acquittal. Specifically, he says that the evidence was insufficient to support his conviction beyond a reasonable doubt.
 
 
 5
 This Court has held that the standard of review applicable to a denial of a judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). In determining the substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Arrington, 719 F.2d 701 (4th Cir.1983).
 
 
 6
 To prove a conspiracy under 21 U.S.C. Sec. 846, the Government must show beyond a reasonable doubt: (1) the existence of an agreement between two or more persons to engage in conduct that violates federal drug law, and (2) that the defendant voluntarily became a party to that agreement. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). "Proof of a conspiracy may of course be by circumstantial evidence; it need not and normally will not be by direct evidence." United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). "[T]he totality of the circumstances shown by the government may suffice to infer the agreement necessary for a conspiracy conviction." United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). Once the government has established the existence of a conspiracy, "the evidence need only establish slight connection between the defendant and the conspiracy to support conviction." United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992).
 
 
 7
 Hill contends that the Government did not offer evidence showing Hill's intent or that he knew of the conspiracy's purpose. Hill maintains that the evidence merely showed the existence of a buyer-seller relationship between him and known drug dealers.
 
 
 8
 Several of Hill's coconspirators testified that they either bought cocaine from Hill or sold cocaine to him on numerous occasions between 1987 and 1990. This testimony was corroborated by Hill's telephone records, notebook, and address book. Consequently, the evidence viewed in the light most favorable to the Government showed that between 1987 and 1990, Hill alternatively supplied and sold cocaine in such quantities as would be redistributed in the normal course of drug trafficking. United States v. Roberts, 881 F.2d 95, 99 (4th Cir.1989) (stating that the intent to distribute cocaine may be inferred from the quantity of drugs involved). In essence, Hill was part of a cocaine distribution chain from 1987 to 1990.
 
 
 9
 [O]ne may become a member of the conspiracy without full knowledge of all of its details, but if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part.
 
 
 10
 Roberts, 881 F.2d at 101. The totality of the circumstances shown by the Government established the agreement necessary for a conspiracy conviction. Bell, 954 F.2d at 236.
 
 
 11
 Hill also contends that the district court erred in its determination of his base offense level. The sentencing guidelines provide that the base offense level must correspond to the quantity of drugs involved in the offense. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(a)(3); Sec. 2D1.4(a), comment. (n.2) (Nov.1992).
 
 
 12
 This Court has held that a convicted conspirator is to be sentenced only on the basis of his and/or his coconspirator's conduct if such conduct was committed in furtherance of the conspiracy and was known, or was reasonably foreseeable to, the defendant. United States v. Vinson, 886 F.2d 740, 742-43 (4th Cir.1989), cert. denied, 493 U.S. 1062 (1990). "The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993). Furthermore, the determination of the quantity to be considered as relevant conduct for the purpose of calculating a defendant's base offense level is a factual question and subject to the clearly erroneous standard of review. United States v. Adams, 988 F.2d 493, 495 (4th Cir.1993).
 
 
 13
 The presentence report in this case found that Hill was a low level distributor for Ruckert and Williams. He was responsible for distributing between fifteen and fifty kilograms of cocaine during the life of the conspiracy. The report determined Hill's base offense level to be thirty-four. In determining the amount of drugs for which a defendant should be held accountable, "the district court may rely on the information presented in the presentence investigation report so long as the information has 'some minimum indicium of reliability.' " United States v. Vela, 927 F.2d 197, 201 (5th Cir.1991) (quoting United States v. Vontsteen, 910 F.2d 187, 190 (5th Cir.1990)). "The burden is on the defendant to show the inaccuracy or unreliability of the presentence report." United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). "Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the[presentence report] without more specific inquiry or explanation.' " Id. (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir.1990)).
 
 
 14
 Hill filed written objections to the presentence report finding that Hill was accountable for fifteen to fifty kilograms of cocaine. Specifically, Hill contended that he should not be characterized as a distributor of cocaine for Ruckert and Williams. He contends that he was responsible for a lesser amount of cocaine than that stated in the report. In investigating the disputed amount of drugs, the probation officer contacted defense counsel to obtain information regarding an amount of cocaine that was attributed to Hill by the testimony at trial. After reviewing his trial notes, defense counsel was unable to determine a specific amount of cocaine attributed to Hill during the trial. Similarly, at sentencing, defense counsel objected to the report's finding with respect to the amount of drugs attributed to Hill. He stated that "nothing [he recalled] from the testimony or from notes that [he] took during the trial would indicate that Mr. Hill was involved at that level or that magnitude of cocaine." Consequently, defense counsel did not carry its burden to show the inaccuracy or unreliability of the presentence report. Terry, 916 F.2d at 162; see Mueller, 902 F.2d at 346 (stating that defendant did not carry its burden because he presented no evidence in rebuttal to the presentence report).
 
 
 15
 Irrespective of the propriety of the objections to the presentence report, the evidence provides a reasonable basis for the district court's determination of Hill's base offense level. Ruckert established Bill King as a source of cocaine in the summer of 1987. Prior to that time and for a year thereafter, Ruckert not only sold cocaine to Hill but also bought cocaine from Hill. Ruckert established an even better source of cocaine in Florida in July 1988. Because Ruckert was obtaining cocaine at "a real good price on cocaine," he was able to lure Hill away from his other source of cocaine. The last time Ruckert sold cocaine to Hill was in the spring of 1990. Thus, from July 1988 through the spring of 1990, Hill bought at least four ounces a week from Ruckert.* Using the lowest estimates given by the witnesses and beginning in July 1988, Ruckert supplied Hill with four ounces of cocaine a week for twenty months. This equals 320 ounces or 8.96 kilograms of cocaine.
 
 
 16
 John Myers sold Hill cocaine beginning in 1987 and, except for a four to six month period in 1988, continued to do so until the beginning of 1990. The sales involved two to eight ounces once or twice a week. Again, using the lowest estimates given by the witnesses, Myers sold Hill two ounces of cocaine for twenty-four months. This equals 192 ounces or 5.376 kilograms of cocaine. These two large amounts add up to 14.336 kilograms.
 
 
 17
 The evidence also showed that Hill bought two to four ounces a "few times" from Williams and sold one eighth of an ounce to an ounce "several times" to Williams. He also bought two to four ounces at a time from Broadway. Hill bought four ounces a time from Carter with Ruckert. Finally, Hill sold to Ruckert one or two ounces at a time and Myers eight ounces. From the totality of the evidence, it is reasonable to infer that at least fifteen kilograms of the seventy-five that the conspiracy was involved with were attributable to Hill.
 
 
 18
 Therefore, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid in the decisional process.
 
 AFFIRMED
 
 
 *
 According to Roscoe, Ruckert's primary distributor, Hill bought four ounces at least once a week and as often as three times a week from Ruckert