# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

YARLEE FREDDY ACOSTA-SALMERON,
Also Known as Yarlee Freddy Acosta,
Also Known as Freddy Jarlee Acosta-Salmeron,
Also Known as Yarlee Fred Acosta,
Also Known as Yarlee Freddy Acosta Salmeron,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-307-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Yarlee Freddy Acosta-Salmeron pleaded guilty of being an alien found in the United States after removal. He maintains that his 27-month sentence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20365

which was above the applicable advisory guideline range, is procedurally and substantively unreasonable.

Acosta-Salmeron contends that his sentence is procedurally unreasonable because the district court failed to articulate reasons not already accounted for by the sentencing guidelines. Because he did not object on this basis in the district court, we review only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish reversible plain error, Acosta-Salmeron must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We retain discretion to correct such plain error and will do so only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "The district court must adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Mondragon-Santiago*, 564 F.3d at 360 (internal quotation marks and citation omitted). In the case of a non-guideline sentence, the sentencing court should "carefully articulate the reasons" for finding the sentence to be appropriate. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

The district court considered the mitigating arguments advanced by Acosta-Salmeron, cited his violent criminal history, and specifically emphasized the need to impose a sentence that would afford adequate deterrence, protect the public from further crimes by Acosta-Salmeron, reflect the seriousness of the offense, provide just punishment, and promote respect for the law. The court provided sufficient reasons for imposing a non-guideline sentence. *See id.* Acosta-Salmeron has not shown plain error in connection with this issue. *See Puckett*, 556 U.S. at 135.

Acosta-Salmeron did not object to the use of information from the

2

presentence report ("PSR"), and the reliability of the evidence related to his criminal history.  We thus review his challenge for plain error only.  *See Mondragon-Santiago*, 564 F.3d at 361.

In sentencing, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a), p.s.; *see United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005).  If information is presented to which the defendant objects, he must present "competent rebuttal evidence" to demonstrate that the information "is materially untrue, inaccurate or unreliable." *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007) (internal quotation marks and citation omitted).  Moreover, it is "well established that prior criminal conduct not resulting in a conviction may be considered."  *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Information in a PSR that is based on the results of a police investigation is sufficiently reliable to be considered as evidence for sentencing purposes.  *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).

The district court did not err in its consideration of Acosta-Salmeron's prior arrest for sexual assault.  Information obtained from state authorities and included in the PSR provided a thorough factual recitation regarding the crime, and Acosta-Salmeron offers neither a reason to doubt its reliability nor rebuttal evidence to dispute its evidentiary basis.  *See Vela*, 927 F.2d at 201; *Washington*, 480 F.3d at 320.  He does not establish that the court committed plain error in considering that information.  *See Puckett*, 556 U.S. at 135.

Acosta-Salmeron contends that the sentence is substantively unreasonable based on the district court's erroneous reliance on criminal convictions that were already taken into account in the guidelines.  He also challenges the

extent of the upward variance.

Although we review the substantive reasonableness of a sentence for abuse of discretion, *see United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013), we review Acosta-Salmeron's claims for plain error because his objection was not "sufficiently specific to alert the district court to the nature" of the error he now asserts and did not provide the district court an opportunity to correct the error." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). For a non-guideline sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). We also take into account whether the 18 U.S.C. § 3553(a) factors support the sentence and give deference to the district court's determination that the factors justify the variance. *Id.* A non-guideline "sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted).

The record belies Acosta-Salmeron's claim that the court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the factors. *See id.* In addition, the court was not precluded from considering factors, such as prior convictions, that were already incorporated into the guideline calculation. *See Brantley*, 537 F.3d at 350. Acosta-Salmeron's arguments essentially amount to a disagreement with the weighing of the § 3553(a) factors, which is insufficient to show abuse of discretion. *See Peltier*, 505 F.3d at 393-94. We do not reweigh the factors and reexamine

4

No. 14-20365

their relative import, nor will we reverse on the basis that we could reasonably conclude that a different sentence was proper. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Finally, the extent of the variance, six months, was not significant compared to other more substantial variances affirmed by this court. *See, e.g., United States v. Key*, 599 F.3d 469, 475−76 (5th Cir. 2010).

Under the totality of the circumstances, including the significant deference given to a district court's consideration of the § 3553(a) factors and its reasons for the sentence, Acosta-Salmeron has failed to demonstrate that the sentence is substantively unreasonable. *See Brantley*, 537 F.3d at 349. Accordingly, the court did not abuse its discretion, much less plainly err.

AFFIRMED.