# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11406
c/w No. 14-10034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS AVILA-GONZALEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-185-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Juan Carlos Avila-Gonzalez (Avila) was convicted by a jury of conspiracy to possess with the intent to distribute 500 grams or more of a mixture containing methamphetamine, and possession with the intent to distribute 50 grams or more of a substance containing methamphetamine. The district court imposed a sentence, within the Sentencing Guidelines, of life imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11406
c/w No. 14-10034

Avila represented himself at the trial and he continues to represent himself on appeal. Accordingly, we note that where a defendant elects to proceed pro se in a direct criminal appeal, we have a "duty to construe pro se briefs liberally so that the litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Diehl*, 775 F.3d 714, 719 (5th Cir. 2014) (internal quotation marks and citation omitted).

In his first issue, Avila argues about his arrest and detention by Fort Worth authorities on September 18, 2013. He asserts that his detention was illegal and prolonged, and that his wallet, cell phone, and vehicle were searched without his consent or a warrant. The Government correctly notes that no statements, admissions, or other evidence resulting from the arrest and vehicle search were offered for presentation at Avila's trial. Avila's contention that the contents of the cell phone were used to obtain the federal indictment does not merit relief. *See* FED. R. EVID. 1101(d)(2); *United States v. Calandra*, 414 U.S. 338, 349 (1974). Likewise, Avila's contentions regarding the district court's lack of jurisdiction and the defective indictment are without merit. *See United States v. Vicar*s, 467 F.2d 452, 455-56 (5th Cir. 1972) (jurisdiction); *United States v. Valencia*, 600 F.3d 389, 432 (5th Cir. 2010) (indictment).

In his brief, Avila raises a litany of claims of ineffective assistance of counsel relating to the brief time that he was represented by the Federal Public Defender. "Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Partida*, 385 F.3d 546, 568 (5th Cir. 2004) (internal quotation marks and citation omitted). The record is not sufficiently developed to permit review of Avila's claims on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

No. 13-11406
c/w No. 14-10034

Avila's contention regarding the coercive interview with his wife does not merit relief because his wife was not called as a witness, and no statement made by her was used at trial. Avila's speculation that his wife's statements were used before the grand jury is too conclusory to warrant relief. *See, e.g., United States v. Rosbottom*, 763 F.3d 408, 419-20 (5th Cir. 2014) (rejecting, as conclusory, claim that offered no clear basis for finding error), *cert. denied*, 135 S. Ct. 985 (2015).

The Double Jeopardy Clause protects a defendant against being twice put in jeopardy for the same offense. *See United States v. Jones*, 733 F.3d 574, 580 (5th Cir. 2013). In general, jeopardy attaches at the time the guilty plea is accepted, or when a jury is empaneled and sworn. *Id.* Avila bears the burden of coming forward with evidence establishing a prima facie double jeopardy claim. *See id.* Avila has not put forth anything to suggest that jeopardy had attached on the state charges at the time the federal prosecution began; therefore, his argument is facially frivolous.

The contention that Avila was denied the right to a public trial when the district court directed his relatives and friends to leave the courtroom is reviewed for plain error. *See, e.g., United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). "[I]t is well established that there can never be plain error if the issue is a factual one, which could have been resolved in the district court upon proper objection." *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). Avila's contention regarding whether his family members were made to leave the courtroom is such an issue. Therefore, we do not consider it. *See id.*

For the first time on appeal, Avila argues that he was denied a fair trial when the district court allowed certain jury venire persons who had been excused due to their involvement with law enforcement to remain in the

courtroom during the proceedings. He also lists five members of the jury and argues that the district court erred by permitting them to be selected as jurors. To show reversible plain error on these claims, Avila must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error, and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Other than his conclusory assertions of bias and impartiality, Avila makes no showing that his substantial rights were affected, either by the presence of the excused venire members in the courtroom, or by the jurors that were seated. Accordingly, no plain error is shown. *Id.*

Avila also challenges several evidentiary rulings by the district court. He raises several contentions relating to the introduction of his 2012 state-court conviction for attempted possession of a controlled substance. To the extent that Avila is arguing that the information introduced by the Government was not accurate, his argument is without merit. Because the district court ultimately determined that the conviction was admissible as intrinsic evidence, Avila's arguments regarding the court's failure to do a "balancing test" under the Federal Rules of Evidence are unavailing. *See Puckett,* 556 U.S. at 135; *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (noting that intrinsic evidence does not implicate FED. R. EVID. 404(b)). Admission of the conviction did not violate Avila's due process rights or the Double Jeopardy Clause because "the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." *See United States v. Felix*, 503 U.S. 378, 387 (1992) (footnote omitted).

No. 13-11406
c/w No. 14-10034

Avila's newly raised contention that the jury would have found a discrepancy between his voice and that on the recordings of conversations with a cooperating witness (CW) is a purely conjectural issue of fact. Avila thus cannot show plain error with respect to his claim that the district court should not have withdrawn the audio recordings from evidence and left only the transcripts in evidence. *See Puckett*, 556 U.S. at 335; *Rodriguez*, 602 F.3d at 361. Avila also has not shown unfair prejudice resulting from the introduction of expert testimony as to the chemical composition of the methamphetamine. *See* FED. R. EVID. 403.

Avila's contention that the Government should have been required to call all of the witnesses on its witness list so that he could exercise his Sixth Amendment right to confrontation is without merit because Avila's right to confrontation was not abridged. *Cf. Cooper v. California*, 386 U.S. 58, 62 n.2 (1967) (finding no merit to contention that State must produce individual who did not testify at trial). The Confrontation Clause does not apply to sentencing proceedings. *See United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007). Moreover, the Government did not call witnesses at the sentencing hearing, and Avila has not identified any specific witness that he would have called or any fact finding that he would have been challenged through a witness.

Regarding his claims of perjury by Government witnesses, Avila cites to nothing which shows that the challenged testimony was actually false. Rather, he cites to minor discrepancies relating to matters that are tangential to the ultimate issues before the jury. Other discrepancies cited by Avila go to the credibility of the witnesses, which was an issue for the jury. *See United States v. Lerma*, 657 F.2d 786, 789 (5th Cir. 1981).

No. 13-11406
c/w No. 14-10034

Avila preserved de novo review of the sufficiency of the evidence by moving for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c)(1). *Cf. United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013) (stating that oral motion for judgment of acquittal, which falls under Rule 29(a), preserves issue of sufficiency for de novo appellate review). The standard for reviewing the sufficiency of the evidence "focuses on 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trial of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We must examine the evidence as a whole, drawing all reasonable inferences to support the verdict. *United States v. Charles*, 469 F.3d 402, 407 (5th Cir. 2006). The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *United States v. Lage*, 183 F.3d 374, 382 (5th Cir. 1999).

To prove that a defendant conspired to possess with the intent to distribute a controlled substance, the Government must prove: (1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy. *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012). Although the CW testified that he first met Avila to "hang out, get high," he also testified that Avila sold and "fronted" methamphetamine to him and others and that Avila employed a bodyguard when he rented hotel rooms to sell methamphetamine. He testified that Avila told him several times that another individual owed him a lot of money for fronting him methamphetamine. The CW also testified that Avila instructed his family members on how to dispose of the methamphetamine as fast as possible in case

of a police search. The jury also heard testimony from which it could have concluded that Avila possessed over 4,000 grams of methamphetamine for distribution; therefore, the evidence was more than sufficient to establish the 500 gram amount. The possession count of the indictment alleged that Avila possessed over 50 grams of methamphetamine. The CW gave testimony surrounding the transaction that formed the basis of the possession count, and a transcript of the transaction was admitted into evidence. A chemist testified that the net weight of the methamphetamine was 110.3 grams. Given the foregoing, the evidence was sufficient to establish that Avila possessed with the intent to distribute over 50 grams of methamphetamine.

In determining Avila's sentence, the district court was allowed to consider, as relevant conduct, "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *See* U.S.S.G. § 1B1.3(a)(2). The offense conduct outlined in the presentence report (PSR) was obtained from information provided by the FBI through its investigative reports and through personal interviews with an FBI special agent. It was thus sufficiently reliable to be considered as evidence for sentencing purposes. *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). The PSR recounted that from January 2011 through March 2013, Avila conspired with others in the distribution of methamphetamine from his residence and from different hotels in the area. The district court was entitled to rely on this information because Avila did not present any competent rebuttal evidence showing that the information was materially untrue, inaccurate, or unreliable. *See United States v. Washington,* 480 F.3d 309, 320 (5th Cir. 2007). Moreover, the facts supporting a sentencing enhancement need only be proved by a preponderance of the evidence, not beyond a

No. 13-11406
c/w No. 14-10034

reasonable doubt. *See United States v. Conner*, 537 F.3d 480, 491-92 (5th Cir. 2008).

Although we have a duty to construe Avila's pro se brief liberally, *see Diehl*, 775 F.3d at 719, arguments must be briefed in order to be preserved. FED. R. APP. P. 28(a)(9); *Charles*, 469 F.3d at 408. "It is not enough merely to mention or allude to a legal theory." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (internal quotation marks and citation omitted). Avila's assertion that his sentence was a gross violation is insufficient to raise the substantive reasonableness of the sentence as an issue on appeal. *See Scroggins*, 599 F.3d at 446. The conclusory assertions of substantive unreasonableness raised by Avila in his reply brief are insufficient to warrant relief. *See Rosbottom*, 763 F.3d at 419-20. "Arguments raised for the first time in a reply brief, even by pro se litigants . . . , are waived."[1] *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

"Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 829-30 (5th Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Avila's contentions do not support a claim of judicial bias. Avila's argument that the Government should not have been allowed to return $1,849 to his wife without his approval or consent is facially frivolous.

In light of the foregoing, we AFFIRM Avila's conviction and sentence. Avila's motion to supplement the record is DENIED.

---

[1] Avila's waived arguments include claims the Government failed to prove the existence of an agreement between conspirators, the PSR was based on perjured testimony, and that the district court erred in increasing his offense level based on the importation of methamphetamine, the use of a minor, his leadership role, and the use of a weapon.