UNITED STATES of America,
Plaintiff–Appellee,

v.

Susie VELA and Jose Luis Vela,
Defendants–Appellants.

No. 90–1065.

United States Court of Appeals,
Fifth Circuit.

March 8, 1991.

Rehearing Denied April 9, 1991.

See also 722 F.Supp. 1402.

John D. Nation, Dallas, Tex., for J.L. Vela.

Elizabeth Unger Carlyle, Arch C. McColl, III, McColl & McColloh, Dallas, Tex., for Susie Vela.

James T. Jacks, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RONEY* and DUHÉ, Circuit Judges.

CLARK, Chief Judge:

Defendants, Susie Vela and Jose Luis Vela, each entered a plea of guilty to conspiracy to distribute heroin in an amount greater than 100 grams in violation of 21 U.S.C. § 841(a)(1). Defendants appeal the sentences imposed under the sentencing guidelines. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

The Government charged Susie Vela (Susie) and Jose Vela (Jose), along with other family members, in a multi-count indictment on various charges relating to a family conspiracy for the distribution of heroin.

On the day of trial, Susie and Jose each pleaded guilty to one count of conspiracy to distribute heroin in an amount greater than 100 grams in violation of 21 U.S.C. § 841(a)(1). Based upon presentence investigation reports, the district court sentenced each defendant under the sentencing guidelines. Susie was placed in a guideline range of 151 to 188 months, and was sentenced to a term of imprisonment of 151 months. Jose was placed in a guideline range of 121 to 151 months, and was sentenced to a term of imprisonment of 121 months.

## II. DISCUSSION

*Susie Vela:*

A. Mental And Emotional Conditions.

Susie argues that the district court erred in refusing to depart downward from the guideline range due to the corrupting influence of her family history. At the sentencing hearing, Susie offered extensive evidence that her stepfather had sexually abused Susie as a child and that this experience and the denial of this experience by her mother predisposed her to commit the underlying offense. Susie claims that she was entitled to a downward departure from the guidelines for that reason and that the district court incorrectly concluded that it lacked authority to depart downward.

We will review *de novo* a district court's determination that the Sentencing Commission adequately considered a particular circumstance in formulating the guidelines. *See United States v. Jagmohan,* 909 F.2d 61, 64 (2d Cir.1990).

The guidelines provide that a sentencing court need not impose a sentence within the guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). In determining what circumstances the Sentencing Commission has adequately considered, the sentencing court should

---

* Circuit Judge of the Eleventh Circuit, sitting by designation.

treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

Sentencing Guidelines, Ch. 1, Pt. A, intro. comment, at 1.5–1.6.

■ Section 5H1.3 of the guidelines provides, in relevant part, that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines." A defendant's family history of incest or related treatment which causes defendant to incur a mental or emotional condition that affects criminal conduct, may be a ground for departure in extraordinary cases. It is clear that the Sentencing Commission, while leaving open the possibility that the circumstances of a defendant's mental or emotional condition may be so extraordinary that departure from the guidelines is proper, did not consider these factors relevant in formulating the guidelines. *See United States v. Jagmohan*, 909 F.2d at 65 (upholding a downward departure on the basis of previous employment although the guidelines provide that previous employment is not "ordinarily relevant" to the determination of whether departure is warranted); *United States v. Brand*, 907 F.2d 31, 33 (4th Cir.1990) (ruling that a downward departure for family responsibilities would be permissible in extraordinary circumstances even though the guidelines specify that family ties and responsibilities are not "ordinarily relevant" to the determination of whether departure is warranted); *United States v. White*, 893 F.2d 276, 280 (10th Cir.1990) (finding that the Sentencing Commission did not adequately consider the circumstances present in light of explicit statements in the guideline comments that the certain circumstances were appropriate grounds for departure).

■ The district judge's brief opaque comments in today's case are appended. Read most favorably to defendant, the judge said he could not go below the guidelines range because of her family history. He further indicated that, even if he thought that such a departure could be allowed on these facts, he would not do so. Finally, he ruled that he had reduced her exposure to the extent appropriate by sentencing Susie at the bottom of her guideline range. Susie contends this amounts to an erroneous interpretation of § 5H1.3 and an abuse of judicial discretion to depart conferred by § 5K1.2. We disagree.

The district court concluded that the facts Susie offered as a justification for a downward departure were factually insufficient to warrant a downward departure. Childhood abuse and neglect are often present in the lives of criminals. They always affect their mental and emotional condition. *United States v. Daly*, 883 F.2d 313, 389 (4th Cir.1989). "We simply cannot agree, therefore, that these are the kinds of considerations which warrant substantial reductions in guidelines sentences." *Id.* In Susie's case, the district court found that her family life was shocking and repulsive. However, he also found that Susie's family background did not cause her to commit the crime to which she pleaded guilty. Rather, it caused her to seek to ingratiate herself with her mother, an active participant in the heroin conspiracy. Susie freely chose to do so by participating in the heroin conspiracy.

■ One of the primary goals of the Sentencing·Guidelines is to impose a sentence based on the crime, not the offender. *United States v. Mejia–Orosco*, 867 F.2d 216, 218, *reh'g denied*, 868 F.2d 807 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). The facts alleged by Susie are not the type of extraordinary mental and emotional conditions that impact the crime. While the facts Susie alleges are egregious, they in no way lessen the extent of her criminal conduct or determine the appropriate sentence for that conduct. Thus, the district court properly determined these facts are of the type "not ordinarily relevant" under § 5H1.3 of the guidelines.

## B. 18 U.S.C. § 3661.

██ Susie argues that the district court's refusal to depart downward from the guidelines range based upon her family history, offended the principles of 18 U.S.C. § 3661 which provides:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

We disagree.

It is well established that the sentencing court may consider any information a defendant may wish to offer when it formulates an appropriate sentence. Section 1B1.4 of the Sentencing Guidelines states in pertinent part:

In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background character and conduct of the defendant unless otherwise prohibited by law.

This provision rescripts 18 U.S.C. § 3661.

Although a court may consider any information not legally prohibited, it is not free to ignore the mandate of the guidelines in formulating the sentence which such information produces. Information may set the proper guideline range or justify a departure from that range. Here, the district court fairly considered all the information Susie presented and correctly concluded that such information did not permit a departure. Since it did not impact the commission of the crime, the decision is correct. *See United States v. Hatchett*, 923 F.2d 369, 374 n. 4 (5th Cir.1991).

## C. Coercion.

██ Susie argues that the district court erred in refusing to depart downward from the guideline range for coercion and stress. Section 5K2.12 provides, in part:

If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amount-

ing to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury, substantial damage to property or similarly injury resulting from the unlawful action of a third party or from a natural emergency.

The district court here found that § 5K2.12 did not apply to the present situation. This determination is correct. No threat of violence, whether to person or property, occurred. Moreover, any improper influence that may be attributed to Susie's mother did not amount to coercion so serious that, even without any threats, it justified a downward departure.

Susie urges that the district court erred by ruling that it did not have the legal authority to depart downward for coercion. We disagree. The district court was aware that a downward departure could be based upon a showing that coercion or duress affected the commission of the crime, but found that the section did not apply under the record facts.

## D. Due Process.

██ Susie next contends that the guidelines violate her due process rights because the guidelines deprive her of the right to have all available information considered by the district court. In *United States v. White*, 869 F.2d 822, 825 (5th Cir.1989), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989), this court stated that the Due Process Clause does not mandate that the sentencing court have complete discretion to consider mitigating factors. Rather, "Congress has the power to completely divest the courts of their sentencing discretion," or Congress "may guide that discretion through the guide-

lines." *Id.* Moreover, *White* made clear that in creating the guidelines, the Sentencing Commission "acted well within its broad grant of authority and pursuant to congressional goals and principles." *Id.* at 827. Susie's due process argument is without merit.

*Jose Luis Vela:*

E. Offense Level.

Jose argues that the district court erred in assigning him an offense level of 36. The offense level of 36 was based on his presentence investigation report which indicated that Jose was a member of a conspiracy which distributed over seventeen kilograms of heroin. Jose contends that there was no evidence that he knew or should have known of the seventeen kilograms involved. Thus, Jose claims that he should have been assigned an offense level of 26, based upon the 100 grams as charged in the information to which he pled.

 It is clear that the district court is not limited to the quantity of narcotics mentioned in the charge. *United States v. Thomas,* 870 F.2d 174, 176 (5th Cir.1989). The district court may consider the quantity of narcotics involved in the conspiracy provided that the defendant knew or should have known that at least such amount was involved in the conspiracy. *See* Sentencing Guidelines, § 1B1.3(a), commentary. In making this determination, the district court may rely on the information presented in the presentence investigation report so long as the information has "some minimum indicium of reliability." *United States v. Vontsteen,* 910 F.2d 187, 190 (5th Cir.1990). "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is 'materially untrue.'" *Id.* Jose has failed to meet this burden.

Jose signed a factual resume regarding the offense. While the factual resume does not indicate any particular amount of heroin involved, it admitted his involvement in the conspiracy. The presentence investigation report indicated that Jose knew about the overall conspiracy and was fully involved in it. This conclusion in the report was based on the statements of the investigative agents assigned to the case. As this Court stated in *United States v. Marshall,* 910 F.2d 1241, 1244 (5th Cir.1990), the district court may properly find sufficient reliability on a presentence investigation report which is based on the results of a police investigation. There was no error in the district court's action assigning to Jose Vela a base offense level based on a quantity of seventeen kilograms of heroin.

III. CONCLUSION

The convictions and sentences of Susie and Jose Vela are

AFFIRMED.

APPENDIX

THE COURT:

The court has selected this particular sentence within the range for the following reasons:

The court finds credible the testimony and presentation of the defendant regarding the unspeakable offense committed against her by her stepfather.

I cannot express in words the court's outrage. I remain reflecting the demeanor of a Judge as I properly should, but I can tell you inside I do not feel that way.

This kind of offense is an offense that is shocking and repulsive to a civilized society.

Nevertheless, of course, I do not believe I can go below the range for that reason.

But I believe that that is consistent with much of what I heard over the tapes and in the trial. It reflects one who was attempting to ingratiate herself with her mother.

I believe that a sentence at the low end of the range is appropriate for that reason.

I have imposed a period of supervised release of 5 years because I believe that amount of time is necessary to ensure that the defendant has returned to law-abiding activity once she is released from custody.

The seriousness of the offense behavior in which she engaged is such that that amount of time is necessary for adequate monitoring.

I have imposed the $50 mandatory special assessment as required by law.

I am not imposing a fine because it does not appear that the defendant has the ability to pay a fine.

The guideline range in this case, I'll state for the record, is 151 to 181 months for a total offense level 34, criminal history category I.

Let me make one general statement for the record before I advise the defendant regarding her right to appeal.

Even if the court were to determine that it has the authority to depart downward in this case, I have doubts that I would do so.

I believe that although I do not have a scientific basis for this, there are many, many people who come before me for sentencing that have gotten into criminal conduct because of severe disruptions in the home.

And I do not have a scientific basis. I have not kept an accurate count of it. but I know just from experience and I believe judges are still allowed to use their experience and common sense in passing sentence, even under the guidelines, that is the case where someone comes before me for sentencing for committing a felony offense that has had every benefit of life and has not undergone problems.

And the most prominent one that I have out found in sentencing is a home without a mother and father, that is a broken home.

And so it seems to me that the court gets into a very difficult situation; and this is perhaps why the sentencing commission has been in my view adamant about not carving exceptions. The court gets into a very difficult situation when it tries to assign reductions of culpability based on factors such as this.

I think I have reduced her exposure to the extent appropriate in going at the very bottom of the guideline.