IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40649
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASCENCION GARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CR-314-6
--------------------
July 13, 2001

Before JOLLY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ascencion Garza appeals his conviction and sentence after pleading guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. First, he argues that the district court erred in the amount of drugs it attributed to him at sentencing because the information upon which it relied did not possess sufficient indicia of reliability. Next, he argues that the district court erred in failing to make required conspiratorial and foreseeability findings in connection with his relevant conduct. Finally, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the instant prosecution for conspiracy violated double jeopardy because it followed a conviction for possession with intent to distribute marijuana "arising under the same alleged conspiracy."

Garza's arguments are unavailing. The district court did not err in considering the statements of two of Garza's coconspirators, which are part of the record on appeal, in arriving at its drug-quantity finding. See United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996). In any event, the unrebutted information in Garza's presentence report, which the district court explicitly adopted, was sufficient to support the court's drug-quantity finding. See United States v. Vela, 927 F.2d 197, 201 (5th Cir. 1991); United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990). In light of that information, the court's drug-quantity finding was not clearly erroneous. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). Moreover, the district court made any required conspiratorial and foreseeability findings implicitly when it adopted the presentence report. See United States v. Duncan, 191 F.3d 569, 575-76 (5th Cir. 1999), cert. denied, 529 U.S. 1122 (2000); United States v. Garcia, 86 F.3d 394, 400-01 (5th Cir. 1996). Finally, Garza's double-jeopardy claim fails because a substantive crime and a conspiracy to commit that crime are separate offenses for double-jeopardy purposes. United States v. Brown, 29 F.3d 953, 957 (5th Cir. 1994).

AFFIRMED.