# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-20904
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MANDANLAL VARMA, also known as Massa Ram Chumbar, also known as Madan Singh

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-308-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Illegal aliens paid Mandanlal Varma to arrange their smuggling from India into the United States. Varma unwittingly coordinated the smuggling with undercover agents from Immigrations and Customs Enforcement. After extensive communicating and coordinating with the undercover agents, Varma arrived with eight illegal aliens in Houston, Texas, where he and the aliens were arrested. Varma pleaded guilty to encouraging and inducing an alien to come

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to, enter, or reside in the United States for commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (a)(1)(B)(I) (2005). On appeal, Varma argues that the district court erred by enhancing his sentence based on his role as a leader or organizer under U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(a) (2007). Varma contends that he had no power to negotiate smuggling prices and that his role was merely that of a "steerer" – someone who brings together smugglers and people who want to illegally enter the United States.[1]

We review the district court's sentencing decision for "reasonableness," applying the abuse-of-discretion standard. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). We review de novo the district court's interpretation or application of the Guidelines, and we review its factual findings for clear error. Id.

Guideline § 3B1.1(a) provides for a four-level increase in the base offense level where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." § 3B1.1(a). To qualify for an adjustment under § 3B1.1(a), the defendant must have been the organizer or leader of one or more other participants. Id. cmt. n.2.[2] In

---

[1]Varma also objected in the district court to the number of aliens attributed to him as this resulted in a three-level increase to his sentence. Varma does not, however, raise this objection on appeal, and therefore it is waived. See FED. R. APP. P. 28(a); United States v. Jimenez, 509 F.3d 682, 693 n.10 (5th Cir. 2007), cert. denied, No. 07-10909, 2008 WL 2076688 (Jun. 9, 2008).

[2] Citing cases from other circuits, Varma contends that "supervision of one person does not support an enhancement for a supervisor, much less a leader or organizer." United States v. Burgos, 324 F.3d 88, 93 (2d Cir. 2003); United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). However, these cases do not stand for that proposition. Burgos states the opposite: "It is enough to manage or supervise a single other participant." 324 F.3d at 93 (addressing the three-level enhancement for manager/supervisor). Sayles turns on a lack of evidence of control over anyone. 296 F.3d at 225-26, 227. The Guidelines comment itself makes clear that being an organizer or leader of one participant is sufficient. § 3B1.1 cmt. n.2. Varma's counsel, therefore, is reminded of her ethical obligation not to misrepresent authority to this court.

determining whether the defendant held an organizational or leadership role, relevant factors include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

United States v. Valdez, 453 F.3d 252, 263 (5th Cir. 2006) (quoting § 3B1.1 cmt. n.4). When making factual determinations concerning an increase to an offense level, the district court may rely on the information in the Presentence Report ("PSR") "so long as the information has 'some minimum indicium of reliability.'" United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992) (quoting United States v. Vela, 927 F.2d 197, 201 (5th Cir. 1991)). The defendant must present rebuttal evidence to demonstrate that the information contained in the PSR is "'materially untrue, inaccurate or unreliable.'" United States v. Washington, 480 F.3d 309, 320 (5th Cir. 2007) (quoting United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002)). "Mere objections do not suffice as competent rebuttal evidence." United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998).

We hold that the district court did not err by determining that Varma was a leader or organizer of the smuggling enterprise at issue and applying the § 3B1.1 four-level sentence enhancement. The PSR indicated that Varma's smuggling enterprise was international in scope, reaching countries including, but not limited to, India, Thailand, Jamaica, Dominican Republic, Cuba, Curacao, Guyana, Suriname, Canada, England, and the United States. The PSR stated that Varma was the smuggling operation's "Suriname-based lieutenant" before 2005, when Varma shifted his base of operation to the Dominican Republic. Varma organized the individuals to be smuggled, he provided passports to undercover agents for the individuals who were to be smuggled, and he controlled the transfer of the "smuggling fees." Varma ensured that his

"contacts" were in place at originating airports where the individuals were to be smuggled, and he arranged for airline tickets to be processed in the aliens' names. By his own admission, Varma had at least one individual working directly for him (Collin Billingly, who transported Varma's alien "packages"), and another individual ("Mukesh Last Name Unknown") met with undercover agents on Varma's behalf, acting as an intermediary and a translator.

It was Varma's burden to rebut this evidence as "materially untrue, inaccurate or unreliable," see Washington, 480 F.3d at 320, but he has failed to meet that burden. Varma introduced no evidence to refute the facts in the PSR; rather, he argued that those facts were unsupported by sufficient evidence. As noted above, mere objections to the facts do not suffice as competent rebuttal evidence. Parker, 133 F.3d at 329. Absent competent rebuttal evidence from Varma, the facts from the PSR as adopted by the district court are not clearly erroneous and support the district court's conclusion that Varma had an organizational or leadership role in the smuggling enterprise at issue. Accordingly, the district court correctly enhanced Varma's sentence under § 3B1.1(a).

The judgment of the district court is AFFIRMED.