# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10742
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MEDARDO DE JESUS MARROQUIN-SALAZAR, also known as Medaro de Jesus Marroquin-Salazar,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-8-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Medardo De Jesus Marroquin-Salazar (Marroquin) appeals the above-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the district court procedurally erred when it relied on conduct underlying an offense for which he was acquitted when imposing his sentence. Although

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10742

Marroquin admits that an acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, he argues that the information in the presentence report (PSR) regarding the acquitted charge was unreliable because it was based solely on a police report and the district court should not have relied on it when sentencing him.

"Generally, a PSR 'bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.'" *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)).  The district court could therefore "adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable."  *Id.*  This court has previously held that "the district court may properly find sufficient reliability on a presentence investigation report which is based on the results of a police investigation."  *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).  Because the PSR was based on an offense report that detailed police interviews with the victim and witnesses, the PSR had a sufficient indicia of reliability.  *See id.*  Marroquin's alternative argument that the acquittal constitutes competent rebuttal evidence that shows that the police report was unreliable is unpersuasive; an acquittal means only that the State of California failed to prove an essential element of the offense beyond a reasonable doubt and does not necessarily undermine the reliability of the police report.  *See United States v. Watts*, 519 U.S. 148, 155 (1997).  Thus, the district court did not clearly err in relying on the PSR's recitation of facts regarding the acquitted charge.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *Harris*, 702 F.3d at 230.  The judgment of the district court is AFFIRMED.