# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDGAR MENDEZ-BECERRA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-551-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Edgar Mendez-Becerra pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b). His revised presentence investigation report (PSR) declined to include a three-level decrease to the offense level for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1 (providing for the offense level to be decreased if a "defendant clearly demonstrates acceptance of responsibility for his offense"), finding Mendez

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

continued to participate in criminal behavior while incarcerated by assaulting two fellow inmates in a gang-related altercation.  Mendez contends the district court erred in determining he was not entitled to the § 3E1.1 three-level decrease.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The denial of a reduction for acceptance of responsibility, however, is reviewed with greater deference than the clear-error standard; it is upheld unless the decision is "without foundation".  *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).  Defendant has the burden of proving entitlement to the reduction. *United States v. Thomas*, 120 F.3d 564, 574–75 (5th Cir. 1997).

For sentencing, "[t]he district court may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable".  *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and footnote omitted).  In other words, defendant has the burden of presenting evidence to show the facts in the PSR are

"inaccurate or materially untrue". *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013) (internal quotation marks and citations omitted).

The PSR relied on the detention center's report regarding the assault, the officials' and victims' identifications of Mendez as one of the assailants, and video footage. *See United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). Moreover, at sentencing, the court heard testimony about the assault from the detention center's chief security officer and watched the surveillance video. It is irrelevant the witness' testimony included hearsay because such testimony is allowed at sentencing if it is reliable. *See United States v. Andaverde-Tinoco*, 741 F.3d 509, 525 (5th Cir. 2013). Further, the court was "free to choose among reasonable constructions of the evidence", and a reasonable trier of fact could have disbelieved Mendez' self-serving testimony. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and footnote omitted). Therefore, Mendez failed to meet his burden to show the PSR's facts were "inaccurate or materially untrue" or that he was entitled to the reduction. *See Cervantes*, 706 F.3d at 620–21; *Thomas*, 120 F.3d at 574–75.

AFFIRMED.