# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARC ELLIOT BOOKER, also known as "Tattoo",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-158-2

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Marc Elliot Booker pleaded guilty to one count of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and was sentenced within the guidelines range to 240 months of imprisonment and four years of supervised release. He now appeals, arguing that the district court clearly erred by (1) relying on a co-conspirator's statements to determine the drug quantity and his base offense level and (2) assigning criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10700

points to a 1990 conviction for which parole was revoked in 2001 because the revocation was illegal.

Where a party preserves error by objecting at sentencing, this court reviews the sentencing court's factual findings for clear error and its interpretation or application of the Guidelines de novo. *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted). A presentence report (PSR) generally bears sufficient indicia of reliability to be considered by the sentencing judge in making factual determinations. *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). If the PSR's factual recitation bears sufficient indicia of reliability, then the defendant has the burden of showing that the PSR is inaccurate by introducing rebuttal evidence demonstrating that the information is "materially untrue, inaccurate or unreliable." *Id.* (internal quotation marks and citation omitted).

Contending that his co-conspirator's statements as reported in the PSR and described at sentencing lacked sufficient indicia of reliability, Booker argues that it was improper for the district court to consider them. However, statements derived from law enforcement officers' investigations and from co-conspirators bear sufficient indicia of reliability. *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006); *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). Booker did not present rebuttal evidence to show that the information was materially untrue, inaccurate, or unreliable. *See Zuniga*, 720 F.3d at 591. The lack of details in the statements and lack of corroboration by other witnesses were not dispositive. *See United States v. Rogers*, 1 F.3d 341, 344 (5th Cir. 1993). Therefore, the district court's drug quantity

calculation is plausible in light of the record as a whole.  *See Betancourt*, 422 F.3d at 246.

Next, Booker argues that the district court erred by assigning criminal history points to his 1990 conviction based on his 2001 revocation of parole. Generally, an offense only receives criminal history points if it was imposed within 15 years of the commencement of the instant offense.  *See* U.S.S.G. § 4A1.2(e)(1).  However, "[r]evocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period" under which certain sentences receive criminal history points.  § 4A1.2(k)(2).  "[I]n the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence" becomes the point of reference for determining the 15-year period.  *See id.*  Application note 6 to § 4A1.2 states that "this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any rights otherwise recognized in law."

Booker did not satisfy his burden to show the facts in the PSR were materially untrue, inaccurate, or unreliable by presenting any rebuttal evidence demonstrating that he was not in custody for a parole violation relating to the 1990 conviction in October 2001.  *See Zuniga*, 720 F.3d at 591. To the extent he seeks to collaterally attack his sentence, he may not do so. *See United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010).  The district court's finding that Booker was in custody in October 2001 in relation to the 1990 conviction is plausible in light of the record as a whole and therefore is not clearly erroneous.  *See Betancourt*, 422 F.3d at 246.

Accordingly, the judgment of the district court is **AFFIRMED**.