# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JAMO ODHIAMBO HAGOYI,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-173-3

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jamo Odhiambo Hagoyi pleaded guilty to distribution of heroin. His presentence report (PSR) calculated a guidelines range of 37 to 46 months of imprisonment. At sentencing, the district court discussed why a sentence above the top of the advisory guidelines range was appropriate and concluded that a 64-month term of imprisonment was necessary to satisfy the objectives of sentencing as contemplated by 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11597

On appeal, Hagoyi challenges the reasonableness of his sentence. We review the sentence imposed for reasonableness in the light of the factors set forth in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). This standard applies whether the sentence is within or outside the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). As the sentence imposed was a variance and outside of the sentencing guidelines system, it is not necessary to address Hagoyi's argument that the district court erred in imposing an upward departure under U.S.S.G. § 4A1.3, p.s., and U.S.S.G. § 5K2.0, p.s.

In *Gall*, the Supreme Court established a bifurcated process for conducting a reasonableness review. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Pursuant to *Gall*, we must determine whether the district court committed any procedural errors. *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Hagoyi argues that it was procedural error for the district court to consider his juvenile conviction and his uncharged conduct in imposing an upward variance. The information in the PSR about the conduct underlying the juvenile charge of carrying a weapon in a weapons-free zone and the aggravated battery were based on police department offense reports.[1] "[T]he district court may properly find sufficient reliability on a presentence investigation report which is based on the results of a police investigation." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).

As there is no procedural fault in the sentence, we now examine whether the 64-month sentence was substantively unreasonable. A sentence is

---

[1] Hagoyi did not object to the reliability or accuracy of these paragraphs of the PSR.

No. 18-11597

substantively unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted). The transcript of sentencing shows that the district court carefully considered Hagoyi's history and characteristics as well as deterrence and the need to protect the public. The district court did not abuse its discretion in sentencing Hagoyi.

The judgment of the district court is AFFIRMED