# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONELLE LAMAR OUDEMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CR-34-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ronelle Lamar Oudems pleaded guilty to possession "with intent to distribute 28 grams and more, but less than 280 grams, of cocaine base" (crack). Relying mostly on information from seven confidential informants (CIs) about Oudems's long history of trafficking in cocaine and methamphetamine, the presentence report (PSR) calculated a "converted drug weight" (CDW) of 117,404.64 kilograms for sentencing purposes. *See* U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10127

§ 2D1.1(c)(1) & comment. (n.8) (explaining drug weight conversion). Over Oudems's objections about the relevant drug quantity, the district court accepted the PSR's calculations and sentenced Oudems to 210 months in prison, at the bottom of the advisory guideline range.

Oudems appeals and contends that the district court clearly erred by considering the drug amounts reported by CI number 3 (CI-3) and CI number 7 (CI-7), which totaled more than 105,000 kilograms of CDW. He asserts that the assertions of CI-3 and CI-7 were "outlandish" and implausible and thus lacked sufficient indicia of reliability under U.S.S.G. § 6A1.3(a) (p.s.).

A district court's finding of drug quantity relevant to sentencing is a factual finding reviewed for clear error. *United States v. Rogers*, 1 F.3d 341, 342 (5th Cir. 1993). "Under the clearly erroneous standard, if the district court's account of the evidence is plausible in light of the record viewed in its entirety the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (internal quotation marks, brackets, and citation omitted).

Where the amount of seized drugs "does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." § 2D1.1, comment. (n.5); *see United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Ultimately, the district court's estimate of drug quantity need only be supported by a preponderance of relevant and reasonably reliable evidence. *See id.* at 246-247. A "district court has significant discretion in evaluating reliability." *United States v. Young*, 981 F.2d 180, 185 (5th Cir. 1993). The requirement of reasonable reliability is not onerous. *United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016). "Even uncorroborated hearsay," for example, "may be sufficiently reliable," and "the district court may rely on the information presented in the presentence investigation report so long as the

information has 'some minimum indicium of reliability." *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996) (internal quotation marks and citation omitted).    Statements derived from police investigations generally bear sufficient indicia of reliability.  *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006); *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).  "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue."  *Id.* (internal quotation marks and citation omitted).

Oudems first contends that there was no good cause for not disclosing the CIs' identities.  Generally, an out-of-court declaration "by an unidentified informant may be considered where there is good cause for the non-disclosure of the informant's identity and there is sufficient corroboration by other means."  § 6A1.3, comment.; *see United States v. Young*, 981 F.2d 180 (5th Cir. 1993)).  But Oudems's disclosure claim is reviewed only for plain error because he never asked for the disclosure of the CIs' identities in the district court.  *See Young*, 981 F.2d at 187.  To show plain error, Oudems must first show a forfeited error that is clear or obvious beyond "reasonable dispute" and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  He fails to make this initial showing.

Disclosure was not required here because the evidence showed that the CIs were known to Oudems, who personally met and dealt with them.  *See United States v. Guerrero*, No. 93-3450, 1994 WL 57697, at *1 (5th Cir. Feb. 18, 1994) (unpublished).  Because *Guerrero* was issued before January 1, 1996, it is binding precedent.  *See* 5TH CIR. R. 47.5.3.  It is closely on point and shows that any legal error in not requiring the Government to sua sponte disclose the CIs' identities was not "clear or obvious, rather than subject to reasonable dispute."  *Puckett*, 556 U.S. at 135.

No. 19-10127

In addition, the implicit factual finding that Oudems knew the CIs cannot be a plain error because that discrete factual question would have been "capable of resolution by the district court" if Oudems had raised the issue. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Regardless, undisputed testimony showed that CI-3 lived for a while at Oudems's uncle's house and that Oudems knew CI-7 well enough to drive a pickup truck that was registered to CI-7.

The remaining issue is whether the CIs' information "was grounded in some indicia of reliability." *Rogers*, 1 F.3d at 344. Oudems asserts that the accusations of CI-3 and CI-7 are "rebutted" by other evidence. But his actual argument is merely a conclusional assertion that there was not enough corroboration. The mere lack of additional or extra evidence does not refute the evidence that was available, and Oudems has failed to carry his burden of showing that the available evidence was "materially untrue." *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996)

Oudems asserts that the CIs' assertions of regular drug dealing over a lengthy time frame, and with "clockwork regularity . . . strain credulity." But Oudems does not seek relief based on mere "exaggeration" by CI-3 and CI-7. Instead he seeks to have their evidence completely discounted so that both his relevant drug quantity and his criminal history category will be reduced. Oudems shows no entitlement to the relief he seeks.

Finally, Oudems argues that the Sixth Amendment requires that he be allowed to confront and cross-examine the CIs whose statements affected his sentence. He acknowledges that his claim is foreclosed by *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

The judgment is AFFIRMED.