# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2020

Lyle W. Cayce
Clerk

No. 20-30062
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MYRNA THOMAS QUARLES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-167-1

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Myrna Thomas Quarles appeals her within-guidelines-range sentence of 71 months of imprisonment for theft of government property. She contends that the district court erred by (1) applying a two-level enhancement for using a sophisticated means to commit or conceal the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30062

offense, (2) applying a two-level enhancement for being an organizer, leader, supervisor, or manager of the criminal activity; (3) applying a two-level enhancement for abusing a position of private trust; (4) double counting the aggravating-role and abuse-of-trust enhancements; and (5) relying on facts contained in the presentence report (PSR) that lacked sufficient indicia of reliability. We affirm.

As a threshold matter, the district court did not clearly or obviously err by relying on the facts contained in the PSR because those facts were based on the probation officer's conversations with the investigating case agent. *See United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991); *see generally Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The district court did not clearly err in finding that Quarles's use of her personal credit union account to launder the ill-gotten proceeds of her theft scheme constituted sophisticated means. *See* U.S.S.G. § 2B1.1(b)(10)(C); *United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013). We have affirmed the application of § 2B1.1(b)(10)(C) in materially similar circumstances. *See United States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996). Quarles's argument amounts to a mere disagreement with the district court's finding.

Nor did the district court clearly err in finding that Quarles was at least a supervisor or manager of the criminal activity. *See* U.S.S.G. § 3B1.1(c); *United States v. Ochoa-Gomez*, 777 F.3d 278, 281-82 (5th Cir. 2015); *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007). The court could infer from the available facts that Quarles—the director of Greater Horizons and board member of Webster United Federal Credit Union—devised the theft scheme, applied for Greater Horizons to take part in the program in question, and submitted the fraudulent reimbursement claims; that three Webster

employees who helped conceal Quarles's theft by laundering the ill-gotten gains did so at Quarles's behest, in furtherance of Quarles's fraudulent scheme, and within the scope of that scheme; that the actions of the Webster employees were reasonably foreseeable in connection with the theft scheme; and that Quarles profited far more than any other participant from the scheme. *See United States v. Ismoila*, 100 F.3d 380, 394 (5th Cir. 1996); U.S.S.G. § 1B1.3(a)(1)(B). We have affirmed the application of § 3B1.1(c) in materially similar circumstances. *See United States v. St. Junius*, 739 F.3d 193, 208 (5th Cir. 2013); *United States v. Reagan*, 725 F.3d 471, 494 (5th Cir. 2013).

Quarles also fails to show clear error in the district court's finding that she abused a position of private trust in a way that significantly facilitated the commission or concealment of the offense. *See* U.S.S.G. § 3B1.3; *United States v. Miller*, 906 F.3d 373, 376-77 (5th Cir. 2018). The record permits a plausible finding that Quarles occupied a position of trust with Greater Horizons as its director and that she used that position to significantly facilitate the theft of government property by submitting fraudulent reimbursement forms. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Thus, "[w]ithout [Quarles], it would have been extraordinarily difficult, if not impossible, for [Greater Horizons] to accomplish its criminal pursuits." *St. Junius*, 739 F.3d at 209.

Lastly, Quarles shows no error, plain or otherwise, in the district court's dual application of the § 3B1.1(c) and § 3B1.3 enhancements. *See Puckett*, 556 U.S. at 135; *Warren*, 720 F.3d at 332. Neither Guideline expressly prohibits double counting. *See United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017). In fact, § 3B1.3 expressly *permits* dual application with § 3B1.1 where, as here, the § 3B1.3 adjustment "is based upon an abuse of a position of trust." § 3B1.3.

No. 20-30062

The judgment is AFFIRMED.