# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 20-10309
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Michael Cross,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:19-CR-22-1

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Robert Michael Cross pleaded guilty to deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and was sentenced to, *inter alia*, 120-months' imprisonment. Stipulated facts in his factual resume stated Cross, as acting Police Chief of Olney, Texas, arrested a victim, "J.F.", and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

another individual, "C.W.".  Cross then coerced J.F. and C.W. to provide him with personal benefits, with the promise that Cross would have their criminal cases dismissed.  The presentence investigation report (PSR) included a statement by C.W. that, on one occasion, Cross drew a firearm, pointed it at J.F., and demanded J.F. engage in sexual acts with C.W.  C.W. stated they complied because Cross had a firearm.

The Sentencing Guideline applicable to Cross' offense, Guideline § 2H1.1, provides the base offense level should be "the offense level from the offense guideline applicable to any underlying offense".  U.S.S.G. § 2H1.1(a)(1).  The probation officer determined the applicable cross-reference was Guideline § 2A2.2 (aggravated assault with a deadly weapon).  Sustaining the Government's objection, however, the district court concluded the applicable cross-reference should be Guideline § 2A3.1 (criminal sexual abuse).  Cross contends the court erred in doing so.

Although the parties debated the applicable cross-reference at the sentencing hearing, Cross did not object concerning the sufficiency of evidence to support the cross-reference to the criminal sexual abuse guideline.  He now claims, however, that cross-reference is erroneous because the record did not prove a sexual assault occurred regarding C.W.  Accordingly, Cross did not preserve this issue at sentencing.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012) (requiring defendant's objection be specific and "sufficiently clear" to put the court on notice, otherwise review only for plain error); *see also United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (holding objection valid if it alerts the court to the nature of the claimed error and provides it an opportunity to correct it).

As noted, because Cross did not preserve in district court the issue on appeal, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669

F.3d 537, 546 (5th Cir. 2012).  Under that standard, Cross must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  Cross does not show the requisite clear or obvious error.

Regarding Cross' being required to show a clear or obvious error that affected his substantial rights, "the district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence".  *United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014) (internal quotation marks and citation omitted).  A PSR generally bears sufficient indicia of reliability to be considered by the sentencing judge in making factual determinations.  *E.g.*, *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).  Further, statements derived from law-enforcement officers' investigations, such as C.W.'s statements provided in the PSR, bear sufficient indicia of reliability.  *See United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).

Cross has not pointed to any requirement that the Government provide a sworn statement to support the PSR's factual findings. Additionally, Cross did not present rebuttal evidence to show the information in the PSR was materially untrue, inaccurate, or unreliable.  *See Zuniga*, 720 F.3d at 591.  Thus, Cross cannot show factual error in the PSR.

Finally, Cross contends the court erred by applying the cross-reference to criminal sexual abuse based on his forcing J.F. to have sexual intercourse with C.W.  The commentary to Guideline § 2H1.1 states the "underlying offense" can derive from "any conduct established by the offense of conviction that constitutes an offense under federal, state, or local

law". U.S.S.G. § 2H1.1, cmt. n.1. A federal statute defines criminal sexual abuse as, *inter alia*, causing "another person to engage in a sexual act by threatening or placing that other person in fear". 18 U.S.C. § 2242(1). The unrefuted preponderance of the evidence showed Cross threatened J.F. with a firearm and thereby caused him to engage in sexual acts with C.W. Under § 2242(1), J.F. was also a victim of sexual assault, and the cross-reference to criminal sexual abuse applies based on Cross's acts toward J.F. *See* § 2242(1); § 2H1.1, cmt. n.1.

AFFIRMED.