# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2021

Lyle W. Cayce
Clerk

No. 20-10633
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald George Whitehouse,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-9

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ronald George Whitehouse was convicted of conspiracy to possess with intent to distribute a controlled substance, namely a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). Whitehouse was sentenced

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

below the advisory sentencing range to 224 months of imprisonment and three years of supervised release.  On appeal, he contends that the district court erred when it determined that he was accountable for the approximately 9.78 kilograms of methamphetamine carried by his co-conspirator.

Our review is for clear error.  *See United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020).  We will affirm the district court's finding so long as "it is plausible in light of the record as a whole."  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted).

Whitehouse fails to show that the district court's findings were not supported by reliable evidence.  *See United States v. Hinojosa*, 749 F.3d 407, 414-15 (5th Cir. 2014); *United States v. Zuniga*, 720 F.3d 587, 591-92 (5th Cir. 2013); *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).  Furthermore, he failed to demonstrate that the facts in his presentence report (PSR) were materially untrue and did not present evidence rebutting the information contained in the PSR.  *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

The quantity of methamphetamine carried by the co-conspirator was corroborated by the investigation.  Considering that Whitehouse drove approximately ten hours round-trip to pick up the co-conspirator, who was a stranger to him, at the request of Whitehouse's source of supply, it was plausible for the district court to determine that the 9.78 kilograms of methamphetamine carried by the co-conspirator was reasonably foreseeable to Whitehouse.  *See Hinojosa*, 749 F.3d at 414-15; *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).  Whitehouse has thus failed to show that the district court's relevant conduct drug quantity determination was clearly erroneous.  *See Barfield*, 941 F.3d at 761; *see also Betancourt*, 422 F.3d at 246.

AFFIRMED.