# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2022

Lyle W. Cayce
Clerk

No. 21-40381
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDUARDO NICOLAS BARRAGAN-BALDERAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1168-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Eduardo Nicolas Barragan-Balderas pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine and conspiring to engage in money laundering. The district court sentenced him within the applicable guidelines range to 235 months of imprisonment on

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

each count, to run concurrently, and five years of supervised release. Barragan-Balderas now appeals his sentence, arguing that the district court erred when it imposed a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for being a manager or supervisor of Jose Hinojosa's drug trafficking organization.

Barragan-Balderas argues that his admissions at rearraignment regarding his maintenance of the drug trafficking organization's financial records and his actions gleaned from recorded conversations as set forth in the presentence report (PSR) did not rise to the level of a manager or supervisor under § 3B1.1(b). Because he preserved this argument, we review the district court's factual findings for clear error. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018); *United States v. Medina-Anicacio*, 325 F.3d 638, 642 (5th Cir. 2003).

The district court could plausibly infer that Barragan-Balderas exercised supervisory or managerial responsibility within the drug trafficking organization in relation to the distribution and transportation of cocaine and money proceeds between Mexico and Houston, Texas. *See United States v. Guzman-Reyes*, 853 F.3d 260, 265 (5th Cir. 2017). Information gathered from recorded conversations, which Barragan-Balderas acknowledges had sufficient indicia of reliability, showed that Barragan-Balderas frequently coordinated, communicated, and checked in with individuals within the organization who were tasked with delivering drugs and transporting drug proceeds. *See United States v. Reagan*, 725 F.3d 471, 494 (5th Cir. 2013); § 3B1.1, comment. (n.4). The recordings and post-arrest statements likewise showed that Barragan-Balderas instructed Ricardo Cuellar to retrieve drug proceeds in Houston and transport the proceeds to Mexico and that Barragan-Balderas was a point of contact for Cuellar and another coconspirator during the search of their vehicle which was loaded with drug proceeds. *See* § 3B1.1, comment. (n.2). In addition, Barragan-Balderas

admitted that he was responsible for maintaining records of the organization's inventory and finances. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006); § 3B1.1, comment. (n.2). The district court's factual finding that Barragan-Balderas was a manager or supervisor was plausible in light of the record as a whole and does not give rise to a firm and definite conviction that a mistake has been committed. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

Barragan-Balderas further argues that particular statements in the PSR were not reliable evidence to support the application of the enhancement because the statements were conclusory and lacked a sufficient evidentiary basis. He specifically points to the PSR's statements regarding the actions taken on his behalf that "suggested" that he was equally as responsible as Hinojosa for the operation, his direction of individuals involved in the organization, his recruitment of several individuals into the organization, and his characterization as Hinojosa's righthand man. He did not challenge the reliability of the PSR's statements in the district court, so our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Sandlin*, 589 F.3d 749, 756 (5th Cir. 2009).

We have held that "the district court may properly find sufficient reliability on a [PSR] which is based on the results of a police investigation." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). We also have found no error where those facts were "based on the statements of the investigative agents assigned to the case." *Id.* Here, the probation officer indicated that the information in the PSR was obtained through an investigation conducted by the Federal Bureau of Investigation and assisted by Immigration and Customs Enforcement, the Internal Revenue Service, the Drug Enforcement Administration, and multiple state law enforcement agencies. The PSR also recounted the observations of law enforcement agents and information obtained from coconspirators following their arrests. Barragan-Balderas has

No. 21-40381

failed to show plain error regarding the reliability of the PSR. *See Puckett*, 556 U.S. at 135.

AFFIRMED.